UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RLI INSUANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>LANGAN ENGINEERING, ENVIRONMENTAL, SURVEYING AND LANDSCAPE ARCHITECTURE, D.P.C., et al.,<br><br>    Defendants. | Case No. 19-cv-02022-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Before the Court is a motion to dismiss the plaintiff's complaint filed by Langan Engineering, Environmental, Surveying and Landscape Architecture, D.P.C., Langan Engineering & Environmental Services, Inc. (collectively "Langan"), and T&R Consolidated (erroneously named in the Complaint as Treadwell & Rollo, Inc.) ( collectively, "defendants"). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for September 13, 2019.

**BACKGROUND**

This lawsuit arises out of four excess insurance policies – the 2014, 2015, 2016, and 2017 policies, respectively – that Langan took out from plaintiff RLI Insurance Company ("RLI"). Dkt. No. 14 at 4 (Motion to Dismiss). RLI alleges Langan falsely answered two questions on its application for the 2014, 2015, and 2016 policies. Compl. ¶¶ 18, 20, 31, 33, 44, 46. Specifically, RLI's application asked Langan:

> 28(b). Is the Applicant (after proper inquiry of each Director, Officer or Partner of the Applicant or other prospective insured party) aware of any circumstance, incident, situation or accident during the past ten years which may result in a claim being made against the Applicant, its Predecessors in business, or any of the present or past Partners, Officers or Directors of the Applicant.
>
> 28(d). Has the Applicant or any other party proposed for insurance knowledge of injury to people or damage to property during the [last] five years on or at projects where the Applicant has rendered professional services?

Compl. ¶¶ 17, 19, 30, 32, 43, 45. Langan answered "no" to both of those questions for the 2014, 2015, and 2016 policies. *Id.* Langan did not answer the questions one way or another for the 2017 policy. *Id.* ¶¶ 55, 56. RLI's complaint alleges Langan's answers were false because Langan was aware of potential liability due to Langan's 2010 purchase of various T&R Consolidated ("T&R") assets and concurrent acquisition of many of the principals and staff of T&R. Compl. ¶ 10. T&R was a geotechnical engineering firm which performed work on the Millennium Tower project in San Francisco, including preparation of reports relating to the projected settling of the building in light of the soil on which it was constructed. Compl. ¶ 6. In 2005, T&R estimated up to six inches of potential long-term settlement at the Millennium Tower site. Dkt. No. 14 at 1 (Motion to Dismiss). After construction began on Millennium Tower, but prior to its completion, the Tower had already settled more than six inches. *Id.* During the course of due diligence prior to purchasing T&R, the complaint alleges Langan learned that T&R notified its insurance carrier in 2008 of a potential claim regarding accelerated, excessive and/or differential settlement of Millennium Tower. Compl. ¶ 7.

In April, 2015, Langan notified its primary insurance carrier, Markel, of a "circumstance" it asked to be handled by its 2014-2015 Primary Policy with Markel. Compl. ¶ 35. The "circumstance" Langan reported related to T&R's allegedly faulty work at Millennium Tower and the resulting allegations of excessive or differential settlement and resulting structural damage. *Id.*

In August 2016, Langan was named in various lawsuits under a theory of successor liability for T&R's work on Millennium Tower. Dkt. No. 14 at 4 (Motion to Dismiss). These cases were ultimately consolidated under lead case *Laura Lehman v. Transbay Joint Powers Authority, et al.*, San Francisco Superior Court, Case No. CGC-16-553758. *Id.* The complaint alleges August 2016 is the first time Langan informed RLI of a potential claim. Compl. ¶ 119.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

**I.     CLAIMS 1-4 – RESCISSION**

To plead a claim for rescission, plaintiff must establish three factors: (1) that the insured misrepresented or concealed information in its application for insurance; (2) the information misrepresented or concealed was material; and (3) the insured knew that it had made a material misrepresentation or concealment. *Atmel Corp. v. St. Paul Fire & Marine Ins. Co*., 416 F.Supp.2d 802, 808 (2006); Cal. Ins. Code. § § 330-339; 350-360. Defendants argue plaintiff's claims for rescission fail for 6 reasons: (1) question 28(b) asks for opinions not facts; (2) Langan answered question 28(d) truthfully; (3) answers to questions 28(b) and 28(d) were not material to RLI's decision to issue the policies; (4) Langan had no obligation to disclose T&R's potential liability; (5) RLI has waived its right to rescind the policies; and (6) RLI issued the 2017 policy based on an incomplete application in which Langan did not answer questions 28(b) or (d).

3

The Court is not persuaded by any of defendants' arguments. Taking the allegations of plaintiff's complaint as true, plaintiff has adequately pled its claims for rescission, and plaintiff's complaint is well within the statute of limitations. Cal. Code. Civ. Proc. 337(3) (statute of limitations for rescission of a contract is 4 years, "the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake." The complaint plainly alleges defendants misrepresented and concealed information, including in the insurance applications – specifically questions 28(b) and 28(d). Compl. ¶¶ 63, 67, 68, 73, 76, 77, 78, 83, 86, 87, 93, 96, 97, 98. The complaint also explicitly alleges defendants' responses to 28(b) and 28(d) were material. Compl. ¶¶ 69, 79, 89, 99. While defendants' arguments may succeed at trial or on a motion for summary judgment, they do not provide a basis for dismissal of the claims for rescission as a matter of law at this juncture.

Defendants' motion is DENIED with respect to claims 1-4.

## II. CLAIMS 5 & 6 – FRAUD AND NEGLIGENT MISREPRESENTATION

"Under California law, the essential elements of fraud are (1) a misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Fid. Nat'l Title Ins. Co. v. Castle*, 2011 U.S. Dist. LEXIS 141297, *12. Defendants argue plaintiff's fraud claim fails because (1) RLI has failed to adequately plead misrepresentation or concealment and (2) RLI has failed to plead damages.

As discussed above, plaintiff has adequately pled elements 1 (misrepresentation) and 2 (knowledge of falsity).

However, the only damages pled for RLI's fraud and negligent misrepresentation claims is the following: "RLI has been damaged, and it continues to be damaged, in that it has incurred costs and may be called upon to expend further sums by virtue of its issuance of the fraudulently induced policies, in an amount to be proven at trial." Compl. ¶¶ 105, 111. Plaintiff's vague and speculative statements are not enough to establish damages and therefore their fraud and negligent misrepresentation claims are not adequately stated.

4

*Defendants' motion is GRANTED with respect to claims 5 and 6, with leave to amend.[1]*

### III. CLAIMS 7-8 – DECLARATORY RELIEF[2]

Defendants argue plaintiff's seventh and eighth claims for declaratory relief conflate "'notice of suit' with the option of providing an insurer with 'notice of circumstances.'" Dkt. No. 14 at 17 (emphasis in original). Likewise, defendants argue plaintiff-insurer mischaracterizes the excess policies at issue as "claims made and reported" policies when, according to defendant-insureds, they are actually "claims made" policies. *Id*. Defendants argue that because a claims made policy has different requirements, including more lenient time requirements for reporting potential claims, the seventh and eighth causes of action should be dismissed. *Id*. Again, while these arguments may be a persuasive at summary judgment, plaintiff has adequately plead these causes of action to survive a motion to dismiss.

Therefore, defendants' motion to dismiss is DENIED with respect to the seventh and eighth claims.

///
///
///

---

[1] In connection with the fifth claim for fraud, plaintiff seeks an "imposition of exemplary damages," otherwise known as punitive damages. Compl. Prayer for Relief. Because plaintiff's fifth claim is the only basis for punitive damages, the Court GRANTS defendants' motion to strike plaintiff's punitive damages request but does so without prejudice.

[2] Defendants did not move to dismiss claim 9.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby DENIED in part and GRANTED in part. The motion is DENIED with respect to claims 1-4 and 7-8. Claims 5 and 6 are DISMISSED with leave to amend.[3] Any amended complaint it must be filed no later than Friday September 27, 2019.

**The parties' Case Management Conference shall proceed as scheduled at 2:30 p.m. on September 13, 2019.**

**IT IS SO ORDERED**.

Dated: September 11, 2019

SUSAN ILLSTON
United States District Judge

---

[3] The Court also GRANTS defendants' requests for judicial notice. Dkt. Nos. 15, 25.

6